UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10448-GAO

_____
JOANNE M. ROYER,                              )
                                              )
    Plaintiff,                            )
                                              )
    v.                                    )
                                              )
BLUE CROSS BLUE SHIELD                        )
OF MASSACHUSETTS, INC., et al.                )
                                              )
    Defendants.                           )
_____)

## ANSWER OF BLUE CROSS BLUE SHIELD TO COMPLAINT

Defendants Blue Cross and Blue Shield of Massachusetts, Inc. Omnibus Welfare Benefit Plan (the "Plan") and Blue Cross and Blue Shield of Massachusetts, Inc. (jointly with the Plan, "BCBSMA") respectfully make the following Answer to the Second Amended Complaint filed against them by plaintiff JoAnne Royer ("Royer") on or about June 28, 2005:

### First Defense

With respect to the numbered paragraphs of the Complaint, BCBSMA:

1.    States that the allegations contained in paragraph 1 of the Complaint set forth plaintiff's characterization of the intent of her claims, to which no response is required. To the extent that a factual response may be required, BCBSMA denies the allegations concerning BCBSMA contained in paragraph 1 of the Complaint.

2.    States that the allegations contained in paragraph 2 of the Complaint set forth a legal conclusion to which no response is required.

3. States that the allegations contained in paragraph 3 of the Complaint set forth a legal conclusion to which no response is required.

4. Admits that plaintiff worked for BCBSMA from September 1985 forward; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations concerning plaintiff's address; otherwise denies the allegations concerning BCBSMA contained in paragraph 4 of the Complaint.

5. Admits that Blue Cross and Blue Shield of Massachusetts, Inc. employed Ms. Royer in 2003 and has a place of business at the Landmark Center, 401 Park Drive, Boston, Massachusetts and 100 Hancock Street, Quincy, Massachusetts but otherwise denies the allegations contained in paragraph 5 of the Complaint.

6. States that the allegations contained in paragraph 6 of the Complaint set forth a legal conclusion and argument to which no response is required. To the extent that paragraph 6 sets forth factual allegations to which a response may be required, admits that the Plan does business at the Landmark Center, 401 Park Drive, Boston, Massachusetts but otherwise denies the allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations concerning BCBSMA contained in paragraph 7 of the Complaint.

8. Denies the allegations concerning BCBSMA contained in paragraph 8 of the Complaint.

9. Denies the allegations concerning BCBSMA contained in paragraph 9 of the Complaint.

10. Admits that Royer worked for Blue Cross and Blue Shield of Massachusetts, Inc. for approximately 18 years, on the 6:00 am to 2:00 pm shift Monday through Friday for part of that time; lacks knowledge or information sufficient to form a belief as to whether Royer was liked or respected by subscribers but otherwise denies the factual allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint

12. Admits that Royer was knowledgeable about her job and assisted new employees in similar positions but otherwise denies the allegations contained in paragraph 12 of the Complaint.

13. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15. Admits that Royer went out on leave at the beginning of January 2003 but otherwise denies the allegations contained in paragraph 15 of the Complaint.

16. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17. Admits that Ms. Royer was paid short-term disability benefits under the applicable BCBSMA plan from January 2003 through March 27, 2003; but otherwise denies the allegations contained in paragraph 17 of the Complaint.

18. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19. Admits the allegations contained in the first sentence paragraph 19 of the Complaint; states that allegations contained in the second sentence of paragraph 19 are ambiguous and therefore denies those allegations.

20-22. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24-28. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 24-28 of the Complaint.

29. Refers to the document identified in paragraph 29 of the Complaint as the best evidence of its contents.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Refers to the letter identified in paragraph 31 of the Complaint as the best evidence of its contents; otherwise denies the allegations concerning BCBSMA contained in paragraph 31 of the Complaint

32. States that the allegations contained in paragraph 32 of the Complaint set forth a legal conclusion to which no response is required.

## COUNT ONE

33. Repeats its responses to paragraphs 1-32 above and incorporates them herein..

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

## COUNT TWO

36. Repeats its responses to paragraphs 1-35 above and incorporates them herein.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint.

## COUNT THREE

40. Repeats its responses to paragraphs 1-39 above and incorporates them herein.

41. Refers to the letter identified in paragraph 41 of the Complaint as the best evidence of its contents.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

## COUNT FOUR

44. Repeats its responses to paragraphs 1-43 above and incorporates them herein.

45. Denies the allegations concerning BCBSMA contained in the first sentence of paragraph 45 of the Complaint. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 45 of the Complaint.

46. Admits that BCBSMA did not conduct an independent medical examination of the Plaintiff but otherwise denies the allegations contained in paragraph 46 of the Complaint.

47. States that the allegations of paragraph 47 are argument based on false premises and therefore denies those allegations.

48. Denies the allegations contained in paragraph 48 of the Complaint.

49. Denies the allegations contained in paragraph 49 of the Complaint.

50-54. States that the allegations of paragraphs 50-54 are argument to which no response is required. To the extent that a factual response may be required, BCBSMA denies the allegations concerning BCBSMA contained in paragraphs 50-54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

## COUNT FIVE

57-60.   BCBSMA has moved to dismiss Count V.

## **Second Defense**

The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, BCBSMA respectfully requests dismissal of the Complaint, an award of fees and expenses in its favor, and such other and further relief as this Court deems proper.

        Blue Cross and Blue Shield of
        Massachusetts, Inc.
        Blue Cross and Blue Shield of Massachusetts, Inc.
        Omnibus Welfare Benefit Plan

        By Their Attorneys,


        /s/ Joseph Halpern
        Joseph D. Halpern, BBO # 544789
        Blue Cross and Blue Shield of
         Massachusetts, Inc.
        Law Department
        Landmark Center, 401 Park Drive
        Boston, MA  02115
        (617) 246-3500
        joseph.halpern@bcbsma.com