UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Civil Action No.: 05-10448-GAO**

| | |
|---|---|
| JOANNE M. ROYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BLUE CROSS BLUE SHIELD | ) |
| OF MASSACHUSETTS, INC., et al. | ) |
| | ) |
| Defendants. | ) |

## BLUE CROSS'S MEMORANDUM IN SUPORT OF MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendants Blue Cross and Blue Shield of Massachusetts, Inc. and Blue Cross and Blue Shield of Massachusetts, Inc. Omnibus Welfare Benefit Plan (jointly, "Blue Cross") submit this memorandum in support of their motion to dismiss Count V in the Second Amended Complaint ("Complaint") filed by plaintiff JoAnne Royer ("Royer").  In Count V, Ms. Royer asserts a claim for sanctions under the Health Insurance Portability and Accountability Act ("HIPAA").  HIPAA does not create or imply a private right of action.  Therefore, this Court lacks subject matter jurisdiction over Count V and Count V fails to state a claim upon which relief may be granted.

### Background

Ms. Royer was an employee of Blue Cross who went out on medical leave in the last year of her employment. She sought benefits under Blue Cross's Short-Term Disability Plan and

then under its Long-Term Disability Plan.  Both plans were administered by defendant Kemper National Services, Inc. (now Broadspire).  Ms. Royer alleges that in the process of administering her claim for benefits, Defendants improperly used her private health information.  Complaint, ¶¶ 49-50, 81-83.

## Argument

In Count V, Ms. Royer asserts a claim for sanctions under HIPAA.  She asks the Court "the maximum sanction, penalty and award of $200,000.00."  Complaint, at p. 12.

The provisions of 29 U.S.C. § 1320d-5 and § 1320d-6 authorize the Unites States Secretary of Health and Human Services to impose penalties on persons who knowingly and in violation of HIPAA obtain and disclose individually identifiable health information.  The statute does not create a private right of action and none is implied.

In *Mufioz v. Island Fin. Corp.*, 364 F. Supp. 2d 131 (D.P.R. 2005)*,* the Puerto Rico federal district court held that HIPAA

> specifically indicates that only the Secretary of Health and Human Services or other authorized state authorities may bring forth a HIPAA enforcement action. . . . Thus, HIPAA does not provide for an express private cause of action. Moreover, courts have consistently found that HIPAA does not provide an implied private cause of action. . . . [T]he Court concludes that HIPAA . . . does not provide a private cause of action. (citations omitted)

In *Rigaud v. Garofalo*, 2005 U.S. Dist. LEXIS 7791, 7-1 (D.Pa. 2005), plaintiff asserted federal question jurisdiction under HIPAA's Privacy Rule, 45 C.F.R. 160.103, et seq. The district court, finding that the existence of a private cause of action is a "prerequisite for finding federal question jurisdiction," dismissed the claim, holding as follows:

> While the Third Circuit has not specifically addressed the issue whether there is an express or implied private right of action under HIPAA, several other federal courts have held that there is no such right. See O'Donnell v. Blue Cross Blue Shield of Wyoming,

>173 F. Supp. 2d 1176, 1179-80 (D.C. Wyo. 2001); Brock v. Provident Am. Ins. Co., 144 F. Supp. 2d 652, 657 (N.D. Tex. 2001); Means v. Indep. Life and Accident Insurance Co., 963 F. Supp. 1131, 1135 (M.D. Ala. 1997); Wright v. Combined Insurance Company of Am., 959 F. Supp. 356, 362-63 (N.D. Miss. 1997). HIPAA's Privacy Rule itself provides specific enforcement mechanisms for aggrieved parties. See 145 C.F.R. § 160.306 (stating an aggrieved party may complain to the Secretary and that the Secretary may investigate the complaints filed under the Section). The Privacy Rule also provides an administrative process by which the Secretary may investigate and impose civil monetary penalties for a failure to comply with the Privacy Rule. See 45 C.F.R. §§ 160.500 -160.570. Based on HIPAA's failure to provide for a private federal remedy and the absence of any legislative intent to create a private right of action, this Court concludes that it lacks subject matter jurisdiction over the instant matter.
>
>Even if the Court construed HIPAA to create a private right of action, Plaintiff would be barred because she failed to exhaust her administrative remedies. HIPAA expressly provides defendants a right to notice and a hearing before an Administrative Law Judge, and the opportunity voluntarily to cooperate with the Secretary to resolve the matter through informal means. See 45 C.F.R. §§ 160.500 -160.570. Moreover, the Privacy Rule under HIPAA provides an explicit exception for disclosures made in accordance with the laws relating to workers' compensation. . . . Thus, even accepting Plaintiff's allegations that Dr. Heebner and/or Dr. Nicholson contacted her former employer regarding the altered prescription as true, the doctors would not have violated HIPAA.
>
>Additionally, HIPAA provides that a covered entity may use or disclose protected health information, provided that the individual is informed in advance of the use or disclosure and has the opportunity to agree to or prohibit or restrict the use or disclosure of the information. See 45 C.F.R. § 164.510. At each visit, Plaintiff signed a consent form specifically authorizing the release . . . of all information relating to her treatment. . . . Accordingly, Plaintiff's claim in Count I for a violation of HIPAA's Privacy Rule will be dismissed.

See also, e.g. Johnson v. Quander, 2005 U.S. Dist. LEXIS 5020 (D.D.C. 2005) ("While only a handful of courts have examined whether a private right of action is implied under the HIPAA, each Court has rejected the position. . . . [B]ecause no private right of action exists under the HIPAA, this Court does not have subject matter jurisdiction over this claim and it must be dismissed.")

Moreover, HIPAA does not apply to this case, because HIPAA exempts from its coverage "disability income insurance." 42 U.S.C. § 300gg-91(c)(1)(A) ("The term 'individual health insurance coverage' means health insurance coverage offered to individuals in the individual market, but does not include short-term limited duration insurance.")

For the foregoing reasons, the Court should dismiss Count V.

                                        Respectfully submitted,

                                        /s/ Joseph Halpern
                                        Joseph D. Halpern, BBO #544789
                                        Blue Cross and Blue Shield of
                                        Massachusetts, Inc.
                                        Landmark Center, 401 Park Drive
                                        Boston, MA   02215
                                        (617-246-3500)
                                        joseph.halpern@bcbsma.com