UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Civil Action No.: 05-10448-GAO**

_____
JOANNE M. ROYER,              )
                              )
    Plaintiff,            )
                              )
    v.                    )
                              )
BLUE CROSS BLUE SHIELD        )
OF MASSACHUSETTS, INC., et al.)
                              )
    Defendants.           )
_____)

## BLUE CROSS'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

Defendants Blue Cross and Blue Shield of Massachusetts, Inc. and Blue Cross and Blue Shield of Massachusetts, Inc. Omnibus Welfare Benefit Plan (jointly, "Blue Cross") submit this memorandum in support of their motion to strike the jury demand and Count IV in the Second Amended Complaint served by plaintiff Joanne Royer ("Royer").

This is essentially an action for disability payments allegedly owed under an employee benefits plan. Plaintiff is a former Blue Cross at-will employee who brings claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et. seq. ("ERISA") challenging a determination that they were not owed. She also brings a claim under ERISA for failure to provide requested documents, a claim for attorneys fees under ERISA, and a claim for sanctions under the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d-1 et seq. ("HIPAA"). Blue Cross has moved, in a separate filing, to dismiss the HIPAA claim.

The Complaint purports to state five Counts and makes demand for a jury trial. In order to simplify and clarify matters from the outset, Blue Cross asks the Court to strike Plaintiff's invalid jury demand. Trial by jury is not available for the ERISA claims raised by Plaintiff.

The Court should also strike Count IV as redundant. Count IV states a claim for attorneys fees under ERISA, which is relief available to Ms. Royer under Counts I and II should she prevail on those claims. Plaintiff unsuccessfully attempts to make an element of her alleged damages into a separate claim.

## Background

Ms. Royer was an employee of Blue Cross who went out on medical leave in the last year of her employment. She sought benefits under Blue Cross's Short-Term Disability ("STD") Plan and then under its Long-Term Disability ("LTD") Plan. Both plans were administered by defendant Kemper National Services, Inc. (now Broadspire). Ms. Royer alleges that STD benefits were granted to her for a few months, but after that period they were denied, as were LTD benefits. She says that in the process of administering her claim for benefits, Defendants failed to produce documents she requested and obtained and disclosed her private health information.

## Argument

The function of a motion under Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). See *Resolution Trust Corp. v. Schonacher*, 844 F. Supp. 689, 691 (D.Kan. 1994) (purpose is to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial).

A motion to strike under Fed. R. Civ. P. 12(f) is appropriate to challenge redundant, immaterial, impertinent or scandalous allegations in a complaint. See e.g., *Martin v. Hunt*, 28 F.R.D. 35 (D. Mass. 1961) (striking entire complaint as argumentative, redundant and containing impertinent and scandalous material). A court has "considerable discretion" in striking any such matter. *Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir. 1988).

I.      The Court Should Strike Plaintiff's Jury Demand.

At the end of the Complaint, Plaintiff demands trial by jury to the extent allowable by law. None of the issues alleged in the Complaint is triable to a jury.

In Counts I and II, brought under 29 U.S.C. § 1132, Plaintiff seeks to recover benefits she claims are owed under Blue Cross's short-term and long-term disability plans. In Count III, she seeks an award for failure to produce documents "in accordance with" 29 U.S.C. § 1132. Complaint, ¶ 63. In Count IV, she seeks legal fees, expenses and costs "pursuant to section 520(g)(1) of ERISA, 29 USC § 1132(g)." The relief Ms. Royer seeks under ERISA is equitable. See *Mertens v. Hewitt Associates*, 508 U.S. 248, 113 S. Ct. 2063 (1993) (relief available under ERISA § 502(a)(3), 29 U.S.C. 1132(a)(3), is restricted to equitable relief).

The Circuit Courts of Appeal and the federal District Court in Massachusetts have consistently held that a trial by jury is not available for any form of participant claim brought under 29 U.S.C. § 1132, because they are claims for equitable relief. *Turner v. Fallon Community Health Plan,* 953 F. Supp. 419, 422 (D.Mass. 1997) (striking jury trial demand) and cases cited, affd. 127 F.3d 196 (1st Cir. Mass. 1997); *Stanford v. AT&T Corp,*, 927 F. Supp. 524, 527 (D.Mass. 1996) ("In this district, courts construe an ERISA claim as based on the law of trusts . . . for which no jury trial is available. . . . All of the federal appellate courts which have

considered the matter have held that there is no right to a jury trial on ERISA claims.") and cases cited.[1]

In addition, there is no private right of action under HIPAA, as Blue Cross shows in its Motion To Dismiss. Where there is no private right of action, there can be no jury trial allowable by law. The Court should therefore strike the demand for a jury trial.

II.     The Court Should Strike Count IV.

Count IV states a claim for attorneys fees under ERISA, which is relief available to Ms. Royer under Counts I and II should she prevail on those claims. It is therefore redundant and should be dismissed pursuant to Fed. R. Civ. P. 12(f). See, e.g., *Kusek v. Family Circle, Inc.*, 894 F. Supp. 522, 528 (D.Mass. 1995) (dismissing redundant claim under Rule 12(f)).

## Conclusion

For the foregoing reasons, the Court should grant Blue Cross's motion to strike.

Respectfully submitted,

/s/ Joseph Halpern
Joseph D. Halpern, BBO #544789
Blue Cross and Blue Shield of
Massachusetts, Inc.
Landmark Center, 401 Park Drive
Boston, MA   02215
(617-246-3500)
joseph.halpern@bcbsma.com

---

[1] Counts III and IV do not entitle Ms. Royer to a jury, as they seek relief that can only be awarded by the court. See, e.g., *Sampson v. Rubin*, 2002 U.S.Dist.Lexis 20877, 29-30 (D. Mass., 2002) (although § 1132(c) permits an award of up to $ 100 per day for each violation of the plan administrator's duty to provide plan information, "the decision whether to award the statutory penalties is placed strictly within the discretion of the court. 29 U.S.C. § 1132(c)(1)(B)."); *Perry v. New England Bus, Serv.., Inc.*, 2002 U.S. Dist. Lexis 20192 (D.Mass. 2002) (plaintiff "seeks attorney's fees under 29 U.S.C. § 1132(g), which allows the courts to make discretionary awards to prevailing parties").