IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOANNE M. ROYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO: |
| BLUE CROSS BLUE SHIELD OF | ) NO: 05-CV-10448-GAO |
| MASSACHUSETTS, INC., BLUE CROSS | ) |
| BLUE SHIELD LONG-TERM | ) |
| DISABILITY BENEFIT PLAN, a/k/a | ) |
| OMNIBUS WELFARE BENEFITS | ) |
| PLAN, KEMPER NATIONAL | ) |
| SERVICES, INC., BROADSPIRE | ) |
| SERVICES, INC., AND SHELDON | ) |
| MYERSON, MD., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY
## IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS I AND II

Pursuant to Local Rule 7.1(B)(3), defendants Kemper National Services, Inc., Broadspire

Services, Inc. and Sheldon Myerson, M.D. (collectively, "Defendants") move for leave of cou

to file a Reply in support of their Motion to Dismiss Counts I and II in order to respond to the

arguments raised by plaintiff Joanne M. Royer in her Opposition to Defendants' Motions to

Dismiss Counts I and II.  In support of this motion, Defendants state as follows:

1. Defendants request leave to file a Reply Memorandum in order to respond to the le

arguments made by Plaintiff in her Opposition memorandum.

2. Defendants' Reply is strictly confined to matters raised by Plaintiff in her Oppositi

memorandum.

3. Defendants believe that this additional filing will assist the Court when considerin

their Motion to Dismiss Counts I and II of the Complaint.

4. Defendants' Reply in Support of Their Motion to Dismiss Counts I and II is filed

herewith together with this motion.

For all of the foregoing reasons, Defendants respectfully request that this motion

be allowed.

Respectfully submitted,

DATED:  September 26, 2005

Edward S. Rooney, Jr.
BBO No. 426840
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
One International Place, 18th Floor
Boston, MA  02110
(617) 342-6800

OF COUNSEL:

David F. Schmidt
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, IL  60606
312-281-3600

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney
record for each other party by regular mail this 26th day of September, 2005.

Edward S. Rooney, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOANNE M. ROYER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CIVIL ACTION NO: |
| BLUE CROSS BLUE SHIELD OF | ) NO: 05-CV-10448-GAO |
| MASSACHUSETTS, INC., BLUE CROSS | ) |
| BLUE SHIELD LONG-TERM | ) |
| DISABILITY BENEFIT PLAN, a/k/a | ) |
| OMNIBUS WELFARE BENEFITS | ) |
| PLAN, KEMPER NATIONAL | ) |
| SERVICES, INC., BROADSPIRE | ) |
| SERVICES, INC., AND SHELDON | ) |
| MYERSON, MD., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION TO DISMISS COUNTS I AND II

Kemper National Services, Inc. ("KNS"), Broadspire Services, Inc. ("Broadspire")  l

Sheldon Myerson, M.D. ("Dr. Myerson"), defendants in this matter, for their Reply in Suppor  f

their Motion to Dismiss Count III of the plaintiff's Second Amended Complaint state as follo'

The plaintiff correctly points out that there is a split of authority regarding wheth  ı

claims administrator may be sued for ERISA Plan Benefits. The plaintiff also correctly po  ;

out that the First Circuit has never held that such a claim is permissible under ERISA.  ɛ

defendants submit that the majority view which precludes claims for benefits against cla  ;

administrators with no liability for benefits under the terms of the subject ERISA Plan is  ɛ

better rule and should be followed by this Court.

Those First Circuit decisions which are cited by the plaintiff are readily distinguisha  .

In *Larocca v. Borden, Inc.*, 276 F.3d 22 (1st Cir. 2002), the plaintiffs sued their employer for  ı

benefits because the employer was the Plan Administrator which had complete control over

administration of the Plan. Significantly, the crux of the complaint was that the employer l

failed to pay benefits to which the plaintiffs claimed they were entitled.   Under th

circumstances, the employer as the entity which both decided eligibility for benefits and actua

paid the benefits was considered a proper defendant. *Id.* at 26.

Likewise, *Pari-Fasano v. ITT Hartford Life and Acc. Ins. Co.*, 230 F.3d 415 (1st (

2000), involved a claims administrator which was also responsible for paying claims out of

own assets through issuance of an insurance policy to the plaintiff's employer. Again, as

*Larocca,* the presence of the claims administrator as the defendant was proper, because

claims administrator was specifically liable under the written terms of the ERISA Plan for

benefits which were payable. The only issue which existed was whether a conflict of inte

affected the standard of review because of the insurer's interest in deciding whether to

benefits out of its own pocket. *Id.* at 418.

Here, neither situation in the cases discussed above is present. The claims administra

in this matter, KNS and Broadspire, did not pay claims out of their own assets, nor were t

responsible for paying benefits under the written terms of the ERISA Plan. As such, the no

that either decision should be extended to permit suits for benefits against entities which de

claims but which do not have liability for paying claims out of their own assets under the te

of the governing ERISA Plan is ill-advised.

The plaintiff cites to an unpublished decision from this District, *Digregorie*

*Pricewaterhouse LTD Plan,* 2004 W.L. 1774566 (D. Mass. Aug. 9, 2004), for the proposi

that a third-party claims administrator can be sued for ERISA Plan benefits even though the F

itself, does not contemplate the administrator paying benefits. The court concluded that a cla

administrator which had no liability under the terms of the Plan to pay benefits could still

sued for benefits despite the unequivocal provision under §502(d)(2) of ERISA, 29 U

§1132(d)(2), that a money judgment against the Plan is enforceable only against the Plan unl

liability is otherwise established under the subchapter.

Broadspire respectfully submits that *Digregorio* was wrongly decided and that the F

Circuit would not (or should not) adopt the minority view espoused by the District Court that

entity not otherwise liable for payment of Plan benefits can be named as a defendant in suc

suit.

As stated in the defendants' motion, the plaintiff has named Lumbermens as a defend

The ERISA Plan identifies Lumbermens as the entity responsible for payment of any bene

As such, KNS, Broadspire, Dr. Meyerson are not proper defendants and should be dismis

from Counts I and II pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

KEMPER NATIONAL SERVICES, INC., BROADSPIRE
SERVICES, INC. AND SHELDON MEYERSON, M.D.

By their attorneys:

Dated: September 26, 2005

Edward S. Rooney, Jr.
BBO No. 426840
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
One International Place, 18th Floor
Boston, MA 02110
(617) 342-6800

David F. Schmidt
**CHITTENDEN, MURDAY & NOVOTNY LLC**
303 West Madison Street, Suite 1400
Chicago, IL 60606
312-281-3600

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney o
record for each other party by regular mail this 26th day of September, 2005.

Edward S. Rooney, Jr.