IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOANNE M. ROYER,<br>    Plaintiff<br><br>V.<br><br>BLUE CROSS BLUE SHIELD<br>    OF MASSACHUSETTS, INC.,<br>BLUE CROSS BLUE SHIELD<br>LONG-TERM DISABILITY BENEFIT<br>PLAN, a/k/a OMNIBUS WELFARE<br>BENEFITS PLAN<br>KEMPER NATIONAL SERVICES, INC.,<br>BROADSPIRE SERVICES, INC., and<br>SHELDON MYERSON, MD.,<br>    Defendants | **CIVIL ACTION NO:**<br>**NO: 05-CV-10448-GAO** |

## OPPOSITION OF THE PLAINTIFF, JOANNE ROYER TO THE DEFENDANTS' MOTIONS TO DISMISS COUNTS I AND II

Now comes the Plaintiff in the above matter and in opposition to the Defendants' Motions To Dismiss Counts I and II, says as follows:

The first basis alleged for the dismissal of Counts I and II of the Plaintiff's Second Amended Complaint alleges that Kemper National Services (KNS), Broadspire Services, Inc. (Broadspire) were claims administrators for the STD and LTD plans and that since neither funded plan benefits or were liable to pay plan benefits under the subject ERISA Plan, they should not be named Defendants in this action.

Likewise, the Defendants argue that the Defendant, Dr. Myerson, was not responsible for the direct payment of benefits of the ERISA Plan and that therefore the Counts involving him should also be dismissed.

However, it is undisputed that all three (3) Defendants rendered defining opinions as claims administrators, albeit at different levels, to both the Blue Cross Blue Shield Short-Term Disability Plan as well as to the Blue Cross Blue Shield Long-Term Disability Plan and the courts have held such parties to be properly named Defendants.

Many courts have held that a plan administrator may also be sued under §1132 (a) (1) (B). See Layes v. Meed Corp., 132 F.3d 1246, 1249 (8th Cir. 1998) (plan administrator, not employer, was proper party defendant); Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11 Cir. 1997); (employer was plan administrator and thus proper party defendant); see also Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988)

-2-

("Unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits."). Also see generally, Hall v. LHACO, Inc. 140 F .3d 1190, 1194-95 (8th Cir. 1998) (summarizing line of cases.) ; and in the Federal District Court here in the District of Massachusetts is the decision of Digregorio v. Pricewaterhouse Coopers Long term Disability, (D. Mass. 2004) Docket Number C.A. 03-11191-DPW, pages 33-35, specifically addressing this issue and citing the above cases for precedent.

In the Digregorio decision, the court went on to state that "the proper party defendant in an action concerning ERISA benefits is the party that controls the administration of the plan." Moreover, the First Circuit has decided a number of cases brought against only plan administrators, without any hint that such suits are improper. See Larocca v. Borden, Inc., 276 F.3d 22 (1st Cir. 2002) ; Pari-Fasano v. ITT Hartford Life and Accident Insurance Co., 230 F .3d 415 (1st Cir, 2000); and see generally Cook v. Liberty Life Insurance Co. of Boston, No 00-408, 2002 WL 482572 at *2 (D.N.H. 2002).

Based upon the foregoing, Judge Woodlock in the Digregorio decision held that plan administrators such as KNS, Broadspire and (by reference, any servant or agent of theirs such as in this case) Dr. Myerson are proper parties defendant in a suit arising under §1132 (a)(1)(B).

WHEREFORE, the Motions of the Defendants seeking to dismiss Count I and Count II of the Plaintiff's Second Amended Complained must as a matter of law be denied.

## COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

Undersigned counsel certifies that there has been compliance with Local Rule 7.1(A)(2) pursuant to telephone conference had on August 4, 2005.

## REQUEST FOR ORAL ARGUMENT

Counsel for the Plaintiff requests the opportunity to argue this matter orally and estimates that no more than 15 minutes should be required by undersigned counsel for same.

*Waiver of ECF is hereby temporarily required and requested.*

Dated: September 15, 2005                The Plaintiff By Her Attorney:

BERNARD A. KANSKY, ESQ.
MA BBO # 258040 FED #28209
KANSKY & ASSOCIATES
468 COMMERCIAL ST #100
BOSTON, MA 02109-1020
(617) 227-2020/Fax (617) 227-5717
Berakan@aol.com

-3-

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon opposing counsel of record i.e. to wit: Edward S. Rooney, Jr. Esq., BBO No. 426840, Eckert Seamans Cherin & Mellott, LLC One International Place, 18th Floor, Boston, MA 02110, (617) 342-6800/ Fax (617) 342-6899; and to David F. Schmidt, Esq., Chittenden, Murday & Novotny, LLC., 303 West Madison Street, Suite # 1400, Chicago, IL 60606, (312) 281-3600/ Fax ( 312) 281-3678 by facsimile transmission and by postage prepaid first-class mail on the month, day and year set forth below.

Dated: September 15, 2005

BERNARD A. KANSKY, ESQ. COUNSEL FOR THE PLAINTIFF, JOANNE M. ROYER