IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 OCT 25  P 4: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| JOANNE M. ROYER, <br>     Plaintiff <br><br> V. <br><br> BLUE CROSS BLUE SHIELD <br>     OF MASSACHUSETTS, INC., <br> BLUE CROSS BLUE SHIELD <br> LONG-TERM DISABILITY BENEFIT <br> PLAN, a/k/a OMNIBUS WELFARE <br> BENEFITS PLAN <br> KEMPER NATIONAL SERVICES, INC., <br> BROADSPIRE SERVICES, INC., and <br> SHELDON MYERSON, MD., <br>     Defendants | CIVIL ACTION NO: <br> NO: 05-CV-10448-GAO |

## LOCAL RULE 16.1(D) PLAINTIFF'S (PROPOSED) JOINT STATEMENT REGARDING THE PRETRIAL SCHEDULING CONFERENCE OF NOVEMBER 15, 2005, 2:00 P.M., 3RD FLOOR, COURTROOM #9, ; AND CONTINUED TEMPORARY WAIVER OF ELECTRONIC FILING

Pursuant to Local Rule 16.1 of the United States District Court, the Plaintiff does hereby submit the following as her Statement of the Case for the forthcoming Scheduling Conference, now scheduled for November 15, 2005, at 2:00 P.M. in Courtroom Number #9 on the 3rd floor of the Moakley U.S. Courthouse at Fan Pier (One Court House Way), Boston, MA 02210.

### I. PLAINTIFF'S STATEMENT OF THE CASE

1. The Plaintiff says that she became employed as a Claims Processor for the Defendant, Blue Cross Blue Shield of Massachusetts, Inc. approximately 20 years ago and was a loyal, respected and valued employee until she aggravated a prior back condition previously corrected by surgery many years ago and became totally disabled as of January 2, 2003.

2. She underwent back surgery for the second time on January 13, 2005, which was unsuccessful and which did not alleviate her totally disabling condition.

3. Despite multiple and repeated efforts to resolve the pain and appurtenant disability by nerve blockage, acupressure, acupuncture and gentle exercising, she has not recovered

-2-

and she has been advised by another surgeon, that she will in all probability never be able to return to any work or to any substantial gainful, employment activity.

4. As a result, the Plaintiff has been awarded full Social Security Disability Benefits; she has received a disability placard from the Registry of Motor Vehicles, Commonwealth of Massachusetts; and is required to generally use a cane especially when leaving home.

5. The Defendant Blue Cross Blue Shield of Massachusetts, Inc., which had been paying her her short term disability benefits, discontinued her short term disability benefits as of March 22, 2003, based upon an non-examining, non-interviewing physician from Florida i.e., the Defendant, Dr. Myerson, advising that he had no objective evidence to support further disability payments.

6. As the Plaintiff is informed, believes and therefore avers, this resulted from the Defendant, Dr. Myerson, being unable to reach the surgeon, instead conferring by telephone with a nurse or receptionist of the physician who was asked to read the surgeon's notes to him as best she could.

7. Had the Defendant, Dr, Myerson, the patience to wait to confer directly with the surgeon instead of relying upon a nurse or receptionist attempting to read the surgeon's notes, he would have learned that the Plaintiff was in fact still totally disabled as confirmed by a subsequent written report issued by her surgeon.

8. As a further result of having had her short term disability benefits arbitrarily and capriciously stopped by the Defendant, Blue Cross Blue Shield of Massachusetts, Inc., her subsequent application for long term disability benefits was also denied as a result of the. Plaintiff not having been paid in full her short term disability benefits,-- a pre requisite to qualifying for long term disability benefits.

9. The Plaintiff's short term disability benefits commenced on and after January 11, 2003, after first being required to use up 11 days sick leave/vacation time (January 2-13, 2003) and were to be paid for 6 months or 26 weeks, up to and including July, 2003.

10. As a result of the Defendant, Dr. Meyerson, applying an inappropriate standard of review i.e., "lack of objective medical evidence," to support continued payment of short term disability benefits to the Plaintiff, as of on and after March 22, 2003, the Defendant, Blue Cross Blue Shield of Massachusetts, Inc., subsequently ordered the Plaintiff to appear for work as and indicated that if she did not, she would be fired.

11. By reason of her continuing and ongoing painful total and permanent disability , the Plaintiff could not appear for work as ordered and was summarily discharged.

12. The Plaintiff has fully discharged and exhausted each and all of her administrative and internal rights and remedies as provided by the short term disability benefit program

-3-

and the long term disability benefit (ERISA) plan in which the Defendants were respectively involved.

13. To this day, the Plaintiff has received no further short term disability benefits since on or about March 22, 2003 and has never received any long term disability benefits.

14. It is from the compendium of misconduct of the Defendants and each of them and all of them both jointly and/or severally and from the wrongful denial of both the short and long term disability benefits to which the Plaintiff is and should be entitled, that this action was commenced.

## II. OFFER IN COMPROMISE

15. The Defendants have failed to make any definitive offer in compromise and therefore, there has been nothing for the Plaintiff to respond to or discuss.

## III. REQUEST / CONSENT TO TRIAL BY MAGISTRATE

16. Based upon the facts and the law, a trial by Magistrate would be most cost-efficient and time-efficient and therefore, the Plaintiff does not only consent to such a trial and/or hearing but requests same.

## IV. STANDARD OF REVIEW

17. Under the circumstances and given that the evidence will show the primary Defendants to be **conflicted** i.e. the short term disability benefits required to be paid by the Defendant Blue Cross Blue Shield of Massachusetts, Inc., and payment of the short term disability benefits bearing substantial weight and control for entitlement to long term disability benefits, along with the inter-dependent relationship by and between the Defendants jointly and severally, the appropriate standard of review where there is such a conflict and where the position of denial adopted by the Defendants is based in part, upon the misconduct and improprieties by the Defendants by relying upon the verbal statements of a receptionist or nurse attempting to read the surgeon's notes, as opposed to obtaining a detailed written report from the surgeon; and by the Defendant, Dr. Myerson, not being licensed to practice medicine in the Commonwealth of Massachusetts but doing so regardless, all serves to taint the entire proceedings which were conveniently relied upon by the other Defendants acting jointly and severally. In addition, the evidence will show that the Defendants engaged in other improprieties by knowingly and willfully violating the HIPAA Act in not complying with the authorization forms as signed by the Plaintiff, i.e. to obtain *written communications* from health care providers-- *not verbal communications*. All of the foregoing and more require this court as a matter of law, to apply the more deferential "de novo" standard of judicial review as opposed to the "arbitrary and capricious" standard.

-4-

18. For purposes of assisting the court and a magistrate in better understanding the medical issues, additional medical evidence may be submitted by the Plaintiff *subsequently* as to further establish that various follow-up treatment attempts at returning to prior level of activity, were all unsuccessful.

## V. PROPOSED PRETRIAL SCHEDULE

19. The Plaintiff suggests as and for a pretrial schedule the following:

| Description of Proceedings: | Date For Completion: |
|---|---|
| 1. File with court and all counsel, Administrative Record | November 30, 2005 |
| 2. Supplementation or amendments to pleadings to be filed by on or before: | December 15, 2005 |
| 3. Service of all written discovery including interrogatories, request for production of documents, request for admissions of fact to be filed on or before: | January 13, 2006 |
| 4. Response to all discovery due by on or before: | February 15, 2006 |
| 5. Plaintiff identification of all expert witnesses to be provided to court and opposing counsel by on or before: | February 22, 2006 |
| 6. Filing of all dispositive motions by on or before: | April 3, 2006 |
| 7. Filing of all rebuttals to Summary Judgment Motions by on or before: | May 5, 2006 |
| 8. Final Pretrial conference and/or hearing on Motions On or before: | June 16, 2006 |

## VI. FILING OF CERTIFICATIONS

20. The Plaintiff and Defendants have filed required certification timely.

-5-

## VII. INTEREST ON RETROACTIVE BENEFITS

21. If the Plaintiff prevails, she should be entitled to interest on retroactive benefits at the rate of 12% per annum, simple interest, all in accordance with Judge Young's June 15, 2004 Massachusetts decision in the matter of the **"Radford Trust."** 1:2002 CV 12477.

## VIII. LEGAL FEES AND EXPENSES

22. If the Plaintiff prevails, undersigned counsel for the Plaintiff will be seeking an award of legal fees and expenses from the time when the Defendants initially denied the Plaintiff benefits on and from March 22, 2003 up to and including the date of any order or judgment entered in behalf of the Plaintiff, as opposed to interest only from the initial date of filing of the Plaintiff's Complaint.

## IX. WAIVER OF REQUIREMENT FOR FILING ELECTRONICALLY

23. The Plaintiff moves the court to temporarily waive the requirement that the Plaintiff be required to file "electronically" (other than by facsimile transmission).

Dated: October 25, 2005

The Plaintiff, JoAnne M. Royer
By Her Attorney:

/s/
BERNARD A. KANSKY, ESQ.
MA BBO# 258040/FED #28209
KANSKY & ASSOCIATES
ATTORNEYS AT LAW
468 COMMERCIAL ST #100
BOSTON, MA 02109-1020
(617) 227-2020/FAX (617) 227-5717
E-MAIL: BERAKAN@AOL.COM

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon opposing counsel of record i.e. to wit: Edward S. Rooney, Jr. Esq., BBO No. 426840, Eckert Seamans Cherin & Mellott, LLC One International Place, 18th Floor, Boston, MA 02110, (617) 342-6800/ Fax (617) 342-6899; to David F. Schmidt, Esq., Chittenden, Murday & Novotny, LLC., 303 West Madison Street, Suite # 1400, Chicago, IL 60606, (312) 281-3600/ Fax ( 312) 281-3678; and to: Joseph D. Halpern, Esq., Blue Cross Blue Shield Law Department 401 Park Drive, Boston, MA 02215, (617) 246-3550/ Fax (617) 246-3550 by facsimile transmission and by postage prepaid first-class mail on the month, day and year set forth below.

Dated: October 25, 2005

BERNARD A. KANSKY, ESQ. COUNSEL FOR
THE PLAINTIFF, JOANNE M. ROYER