IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOANNE M. ROYER,<br>    Plaintiff<br><br>V.<br><br>BLUE CROSS BLUE SHIELD<br>    OF MASSACHUSETTS, INC.,<br>BLUE CROSS BLUE SHIELD<br>LONG-TERM DISABILITY BENEFIT<br>PLAN, a/k/a OMNIBUS WELFARE<br>BENEFITS PLAN<br>KEMPER NATIONAL SERVICES, INC.,<br>BROADSPIRE SERVICES, INC., and<br>SHELDON MYERSON, MD.,<br>    Defendants | CIVIL ACTION NO:<br>NO: 05-CV-10448-GAO |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Now comes the Plaintiff in the above matter and moves the court to enter summary judgment in her favor and to grant to her all of the other relief requested in her complaint on the basis that the Defendants, jointly and severally, have cooperated in the denial of her entitlement to both short term and long term disability benefits in a manner which is arbitrary, capricious and unreasonable.

Further, the standard for determining entitlement to both short and long term disability benefits does not satisfy the requirement of "sole and final," discretion, instead using the terms "full discretion and authority," and therefore, and given the overwhelming weight of the medical evidence of all of the treating health care professionals and vocational experts, the determination by the Defendants, jointly and severally, to deny to the

-2-

Plaintiff her short term disability benefits from March 28, 2003 and thereafter, up to and including July 3, 2003, and to deny to the Plaintiff her long term disability benefits, from July, 2003 to the present and for as long as she remains totally disabled in accordance with the terms of the plan, until she attains age 65 years, or is deceased or recovers, whichever shall first occur, has been egregious, arbitrary, capricious, contrived, should be subject to a de novo review, or in any event to a less severe standard than "arbitrary and capricious."

Additionally, the Plaintiff says that throughout the Administrative Record, and whenever using peer reviewing physicians to review her claim, the Defendants, jointly and severally, have improperly categorized her position as strictly *sedentary,* even though for a person suffering major spinal surgery, spinal and related and resulting physical symptoms and based upon the unusual physical requirements of her position, including remaining seated for long periods of time as well as having to kneel stoop, bend, crouch and be otherwise agile as supported by her Affidavit and by a Memorandum filed herewith, her position was anything but *sedentary,* and it was nothing short of misleading when sending her records out for peer review to describe her position in that way.

However, most damaging of all, after her short-term benefits were denied the Defendants at the request of her treating surgeon were offered the opportunity to have her personally interviewed, examined and tested her by any professional of the Defendants'

-3-

own choosing, including a vocational expert. That offer was declined and the denial of her disability benefits confirmed.

WHEREFORE, and as a matter of law, the Plaintiff is and should be entitled to her disability benefits and all other forms of relief as set forth in her complaint.

Dated: January 19, 2006

The Plaintiff JoAnne M. Royer by her Attorney:

BERNARD A. KANSKY, ESQ.
MA BBO # 258040/ FED #28209
KANSKY & ASSOCIATES
468 COMMERCIAL ST #100
BOSTON, MA 02109-1020
(617) 227-2020/FAX (617) 227-5717
BERAKAN@AOL.COM

## CERTIFICATE OF SERVICE

I, undersigned counsel for the Plaintiff do hereby certify that I furnished a copy of the within to each opposing counsel by e-mail and/or by first-class mail and/or by facsimile transmission to each of their office addresses on the month years and date set forth below.

Dated: January 19, 2006

BERNARD A. KANSKY, ESQ.
FOR PLAINTIFF, JOANNE ROYER