IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOANNE M. ROYER,<br>    Plaintiff<br><br>V.<br><br>BLUE CROSS BLUE SHIELD<br>    OF MASSACHUSETTS, INC.,<br>BLUE CROSS BLUE SHIELD<br>LONG-TERM DISABILITY BENEFIT<br>PLAN, a/k/a OMNIBUS WELFARE<br>BENEFITS PLAN<br>KEMPER NATIONAL SERVICES, INC.,<br>BROADSPIRE SERVICES, INC., and<br>SHELDON MYERSON, MD.,<br>    Defendants | **CIVIL ACTION NO:**<br>**NO: 05-CV-10448-GAO** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
HER MOTION FOR SUMMARY JUDGMENT**

Now comes the Plaintiff in the above matter and in support of her Motion For Summary Judgment and reserving the right to supplement, says as follows:

### 1.Brief Statement of Fact

The Plaintiff, Joanne M. Royer had been an employee of the Defendant Blue Cross Blue Shield since September 23, 1985 having last worked as a Claim Representative II on December 31, 2002, taking an approved leave of absence as of January 2, 2003, i.e. (required to use vacation pay from January 2, 2003 to January 11, 2003) after which she was approved for short-term disability benefits to enable her to have surgery on her back which had severely flared as a result of a non-work related condition in September, 2002.

Initially, she was treated conservatively during the remainder of the year, 2002, and that did not correct a flare-up of her condition, which had previously been operated on successfully approximately 17 years earlier.

-2-

When this conservative treatment was unsuccessful, she was then scheduled for surgery for January 13, 2003.

The surgery took place as scheduled after she had been approved for short-term disability benefits from January 11, 2003 to March 28, 2003.

Unfortunately the surgery, which was for Herniated Lumbar Disc with Lumbar Laminectomy, (A.R. 0017), did not correct the problem and the Plaintiff continued to suffer with severe back pain and limitation of motion and was not released by her treating surgeon to return to her former position or to any work

Although the Plaintiff continued to experience pain and limitation of motion, by reason of the fact that peer reviewing physician, the Defendant Dr. Sheldon Meyerson was unable to reach her surgeon Dr. DiTullio when an extension of the short term disability benefits was required and requested, the Defendant Dr. Meyerson "insisted," upon a conference with a nurse for Dr. Ditullio i.e. Linda. A.R. 0022-0024.

Without notice to the Plaintiff-patient, JoAnne M. Royer, the Defendants, jointly and severally, and arbitrarily and capriciously raised the standard for being approved for additional short term disability benefits, by requiring "more objective medical information," to support a continuation of benefits. A.R. 0019, even though the Plaintiff's surgeon, as indicated, had not released her to return to work." A.R. 0019-0021.

As a result of the Defendant Dr. Meyerson's contact with Dr. DiTullio's office, and having been provided some information with regard to the Plaintiff's condition, Dr. Meyerson, in his rush to judgment, determined that the "clinical" findings would not preclude the claimant from performing sedentary work and therefore indicated that the information provided did not support disability for an undetermined period of time, or in effect any further time beyond March 28, 2003.

-3-

As a result of the opinion of peer reviewing physician, the Defendant Dr. Meyerson and his rush to judgment, effectively the entire case was shut down.

The Defendants only went through the motions of appearing to give serious consideration to the Plaintiff's claim, when given all of the overwhelming evidence in the Administrative Record, the persistent denial of both short term disability benefits after March 28, 2003 and the denial of long term disability benefits represents the clearest case yet of the most flagrant arbitrary and capricious misconduct by any reviewing body.

Cases which the Plaintiff relies on in part to support her position are the following: Houston v. Provident Life and Accident Insurance Co., 95 C 2389 (N.D. Ill 2000); Myers v. Hercules, Inc., 253 F. 3d 761 (4th Cir. 2001); Cook v. New York Times Co., 02 CV 9154 (GEL) (S.D.N.Y. 2004); and Ravesloot v. Administrative Committee of Baxter Int'l, (N.D. Ill. 2004).

Wherefore, the Plaintiff says that the decisions of the Defendants must be reversed as a matter of law and the case resubmitted to them with them being required to afford due consideration to all of the evidence in the Administrative Record.

Dated: January 19, 2006                The Plaintiff By her Attorney:

_____
BERNARD A. KANSKY, ESQ.
MA BBO #258040 FED 28209
468 COMMERCIAL ST #100
BOSTON, MA 02109-1020
(617) 227-2020/FAX (617) 227-5717
BERAKAN@AOL.COM

CERTIFICATE OF SERVICE

I, undersigned counsel for the Plaintiff do hereby certify that I furnished a copy of the within to each opposing counsel by e-mail and/or by first-class mail and/or by facsimile transmission to each of their office addresses on the month years and date set forth below.

Dated: January 19, 2006

_____
BERNARD A. KANSKY, ESQ.
FOR PLAINTIFF