IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOANNE M. ROYER, <br>      Plaintiff | ) <br> ) <br> ) | |
| V. | ) <br> ) <br> ) | |
| BLUE CROSS BLUE SHIELD <br>      OF MASSACHUSETTS, INC., <br> BLUE CROSS BLUE SHIELD <br> LONG-TERM DISABILITY BENEFIT <br> PLAN, a/k/a OMNIBUS WELFARE <br> BENEFITS PLAN <br> KEMPER NATIONAL SERVICES, INC., <br> BROADSPIRE SERVICES, INC., and <br> SHELDON MYERSON, MD., <br>      Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **CIVIL ACTION NO:** <br> **NO: 05-CV-10448-GAO** |

## AFFIDAVIT OF JOANNE M. ROYER IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

Now comes the Plaintiff in the above matter and in support of her Motion For Summary Judgment filed herewith, under oath, says as follows:

1. My name is JoAnne M. Royer and I am the Plaintiff in this action.

2. I had been a Claims (Processor) Representative II, for the Defendant Blue Cross Blue Shield and was an employee of BCBS since September 23, 1985.

3. Contrary to what has appeared frequently in the Administrative Record, my condition was not the result of any work related injury.

4. My work shift had been 6:30 A.M. to 2:30 P.M., Monday through Fridays.

5. The work required of me was *not sedentary* despite the job title of Claims Representative II.

6. I was required to sit for long periods of time during frequent meetings held no less than twice a week.

7. I was required to be agile and be able to promptly arise from a seated position at the computer terminal to use the copy machine several times, during each and every hour.

-2-

8. I was also required to frequently arise from a seated position several times during each and ever hour to retrieve claims and other materials printed out from a common network printer away from my desk.

9. Following the retrieval of materials from the printer, I would then return to my seat to then process the claims at the computer terminal.

10. After processing the claims, I again was required to arise from a seated position at the computer terminal and then dispose of the excess materials and papers in a recycling bin.

11. In the performance of my job duties and responsibilities, I was required to frequently lift up and carry multiple referrals (files) and to then bend, kneel and walk repeatedly during each and every hour to obtain those referrals and to then return those referrals to filing cabinet drawers, some of which were very high and some of which were very low and required severe bending or kneeling to properly return those files to the proper filing cabinet.

12. I was also required to and did arise from a seated position frequently to assist less experienced associates with problems they may have had.

13. Each day , I was required to drive for approximately 30 minutes from home to show up for work but upon arrival, after my back problems began as of September, 2002, I would then have to carefully exit my car so as to not further injure or hurt my back. After exiting the car, I would then gradually have to straighten up and wait a few minutes until I could then slowly walk the distance to the entrance.

14. I was unable to use the stairs because of the pain. As a result, I took the elevator to the 5th floor, signed in, gently removed my coat, and then also gradually and gently sat down in a way which hopefully would avoid increasing my back pain.

15. The back pain persisted even while seated and often in the middle of processing each claim, I would have to stand to relieve my back pain and this was severely interfering with my ability to perform my assignments timely.

16. During fire drills, while I was in this condition shortly before my January, 2003 leave of absence to have surgery, I was unable to use the stairs to exit the building and had I tried in a true emergency, I would have slowed every one else down and we all would have suffered the severe consequences of blocking the exits and preventing that floor and the floors above from being cleared promptly.

17. I also require a cane to assist me in getting around and I also have a severe limp.

-3-

18. As a result of the pain I suffered both before and after my surgery of January 13, 2003, it is, has been and would be impossible for me to perform any meaningful employment activity on any regularly scheduled, predictable, effective and repetitive basis.

19. I believe that any truly impartial health care professional or vocational expert would agree.

20. The pain experienced by me also interferes with my ability to work efficiently and I believe would render me a non-viable candidate for any meaningful or substantial work opportunity.

21. In addition, the medication I must take and have taken for my pain has side effects of making me sleepy and sluggish and would prevent me from performing any work, not to mention the complex work I used to be able to perform so well and efficiently for Blue Cross Blue Shield before my back problem of September, 2002.

22. Also, except for short distances from home, and except for short periods of time, I am unable now to travel alone, given my need for a cane, my limp and my concern about anyone bumping into me if I were to attempt to use public transportation.

23. At his office when I had a referral visit with Dr. Woodard to get a second opinion, when he told me that it was unlikely that I would ever be able to work again, I sobbed uncontrollably. Before my back flared up again in September, 2002, I loved working at Blue Cross Blue Shield; I loved my job; I loved my hours and especially working a full 37.5 hour plus week and being through by 2:30 P.M. each and every day. I started at 6:30 A.M.. I miss all of that and the camaraderie I enjoyed with my co-workers.

24. Now, I am generally home for most and each and every typical day, and I can say without reservation, that with my limp, the need for a cane and my pain medication, I could never have gone back to work and attempted to perform my prior position as a Claims Representative II, or any position. My limp, my need for a cane and my pain medication renders me ineffective and unqualified for any position and any attempt by me would have resulted in my immediate discharge for incompetence.

25. I can also say without reservation that my job was never sedentary. But even if it were, I have been unable to perform it at all since January, 2003 and would have been unable to perform it after the surgery. No accommodation can eliminate my limp, my pain, my lack of mobility and the side effects of my pain medications, along with my need to rely on the use of a cane.

26  In addition, after having been through these processes i.e. Social Security Disability Benefits, short term and long term disability benefit claims, and needing a cane, handicap parking placard and pain medication. it is so much better to be healthy and working than to be totally disabled and have to struggle for the recovery of what was supposed to be your safety net in case of disability. It is a form of "cruel and inhumane punishment." and degrading and I believe is meant to be that way so as to discourage other legitimate claimants from seeking and obtaining the disability benefits they were promised as an added inducement and employment benefit to convince them to come to work for "our company." ".  we provide financial protection for you as one of our employee benefits, if you become disabled for any reason."

27. For additional reference, see Administrative Record AR 0594-0596.

### *A fax or photocopy or e-mail copy shall be as valid as an original.*

Witness my hand and seal under oath and under the pains and penalties of perjury to the best of my present personal memory, information, knowledge and belief, on this the 19th day of January, 2006.

Dated: January 19, 2006

                                        s/ *Joanne Royer*
                                        JOANNE M. ROYER, PLAINTIFF

### CERTIFICATE OF SERVICE

I, undersigned counsel for the Plaintiff do hereby certify that I furnished a copy of the within to each opposing counsel by e-mail and/or by first-class mail and/or by facsimile transmission to each of their office addresses on the month years and date set forth below.

Dated: January 19, 2006

                                        s/ _____
                                        BERNARD A. KANSKY, ESQ.
                                        FOR PLAINTIFF, JOANNE
                                        ROYER