UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Civil Action No.:  05-10448-GAO**

_____
JOANNE M. ROYER,                )
                                )
            Plaintiff,          )
                                )
      v.                        )
                                )
BLUE CROSS BLUE SHIELD          )
OF MASSACHUSETTS, INC., BLUE    )
CROSS BLUE SHIELD OF            )
MASSACHUSETTS, INC. OMNIBUS     )
WELFARE BENEFIT PLAN and BLUE   )
CROSS BLUE SHIELD LONG TERM     )
DISABILITY BENEFIT PLAN,        )
                                )
            Defendants.         )
_____ )

# DEFENDANTS' OPPOSITION TO PLAINTIFF'S
# MOTION FOR SUMMARY JUDGMENT

Defendants Blue Cross and Blue Shield of Massachusetts, Inc., Blue Cross and Blue Shield of Massachusetts, Inc. Omnibus Welfare Benefit Plan and Blue Cross Blue Shield Long Term Disability Benefit Plan ("Defendants") oppose Plaintiff's Motion For Summary Judgment (the "Motion"), filed by plaintiff JoAnne Royer ("Royer") on or about January 20, 2006. Plaintiff's Motion should be rejected or denied on procedural grounds because it is untimely and not in compliance with the Court's scheduling order, and does not meet the requirements of the Court's rules, including Local Rule 56.1 and Local Rule 7.1.  Should the Court choose to consider the motion on its merits, it should be denied because – even were the Court able to determine which of the Counts of the Second Amended Complaint (the "Complaint") the Motion

is intended to address – Ms. Royer fails to establish that she is entitled to judgment as a matter of law on any of her claims.

## Allegations Of The Complaint

On February 2, 2006, the Court dismissed Counts Four and Five of the Complaint and struck plaintiff's jury claim. The Court also dismissed all claims as against defendants Kemper National Services, Inc., Broadspire Services, Inc. and Sheldon Myerson, M.D. Ms. Royer's Motion does not indicate which of the remaining Counts it intends to address, but she makes no argument that pertains to Count Three. Presumably, she seeks summary judgment on Counts One and Two only.

## Material Facts

Ms. Royer failed to include in her summary judgment papers a statement of material facts of record as to which she contends there is no genuine issue to be tried. Local Rule 56.1 provides that failure to include such a statement with her motion constitutes grounds for denial of the motion. That failure also makes it impossible for Defendants to respond to specific factual allegations as required by the rules.

## Argument

I.  Plaintiff's Motion Should Be Rejected Or Denied On Procedural Grounds.

   A.  The Motion Is Untimely.

Ms. Royer's Motion should be rejected or denied because it is untimely. At the scheduling conference in November 2005, the Court decided not to accept the schedule jointly proposed by the parties for proceedings in this matter, including the filing of dispositive motions. At the conference, after discussion of the fact that cases of this type normally are decided on cross-motions for summary judgment based on the Administrative Record without the need for

discovery, Mr. Royer's counsel suggested that he might want to challenge the completeness of the Administrative Record, and the Court therefore put off scheduling any further events except the filing of the Administrative Record. The Court indicated that it would set a schedule only after Ms. Royer had a chance to decide whether to file any challenge to the Administrative Record, and, in the event of such a challenge, after the Court had determined whether discovery is necessary in this case, or whether review will be based only on the Administrative Record before the Court.[1]

The Administrative Record was filed as scheduled. Ms. Royer has not, however, either brought any challenge to Administrative Record before the Court or asked the Court to set a schedule for further proceedings. Although Ms. Royer's Motion appears to concede that summary judgment should be based only on the administrative record before the plan

---

[1] The Court, on February 2, 2006 struck Ms. Royer's claim for a jury trial. Combined with the fact that Ms. Royer made no challenge to the Administrative Record after it was filed, it seems clear that this matter should be decided by cross motions for summary judgment based on the Administrative Record, under the arbitrary and capricious standard:

> "The ordinary rule is that review for arbitrariness is on the record made before the entity being reviewed. Leahy [v. Raytheon Co., 315 F.3d 11, 17-8 (1st Cir. 2002)]. [A]t least some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator. . . .[This] is almost inherent in the idea of reviewing agency or other administrative action for reasonableness; how could an administrator act unreasonably by ignoring information never presented to it?
>
> Where as here review is under the arbitrariness standard, the ordinary question is whether the administrator's action on the record before him was unreasonable. . . . [Plaintiff] did not seek a jury trial--and the precedents of this and other circuits suggest that it would likely have been unavailable --so the issue here is simply whether the judge deems the administrator's denial of benefits irrational. Assuming that the decision is to be made by the judge based solely on the record made at the administrative level, summary judgment is merely a mechanism for tendering the issue and no special inferences are to be drawn in favor of a plaintiff resisting in summary judgment; on the contrary, the rationality standard tends to resolve doubts in favor of the administrator."

Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23-24 (1st Cir. 2003)(citations omitted).

3

administrator, the Court has not yet so stated, and Ms. Royer contradicts her apparent concession by filing a new Affidavit.

At an appropriate time, and as instructed by the Court, the Defendants will file their motions for summary judgment based on the Administrative Record. The Court should not allow Ms. Royer's untimely filing to disrupt its orderly process.

      B.      <u>The Motion Violates Local Rule 56.1 and Local Rule 7.1</u>.

Plaintiff's Motion should also be rejected or denied because it fails to meet the requirements of Local Rule 56.1 and Local Rule 7.1. Ms. Royer did not submit with her summary judgment motion a statement of material facts of record as to which she contends there is no genuine issue to be tried and did not confer with opposing counsel before filing her motion.

II.      <u>Plaintiff Makes No Argument Concerning Count Three</u>.

In Count Three, Ms. Royer seeks to recover for alleged failure on the part of defendant Blue Cross and Blue Shield of Massachusetts, Inc.[2] to produce ERISA Plan documents in accordance with 29 U.S.C. § 1132(a)-(c)(1). Nothing in Ms. Royer's Motion, however, or in her supporting Memorandum and Affidavit makes any reference to that claim or supports it in any way. She puts no evidence or argument before the Court that relates to Count Three in any way. The Court cannot award summary judgment to Ms. Royer on Count Three.

III.     <u>The Court Should Not Grant Summary Judgment In Favor Of Ms. Royer On Counts I And II.</u>

Plaintiff's Motion does not state which Counts of her Complaint her arguments are supposed to support. Nonetheless, it would appear that her arguments are intended to address her claim for short term and long term disability benefits, that is, Counts One and Two. The Defendants will set forth all relevant law and facts in the Administrative Record concerning the

---

[2] The Court's order of February 2, 2006 dismissed Count III as to all other defendants.

determination made by the Claims Administrator in this case at the time they file their summary judgment motions. They limit their response at this time to pointing out that nothing presented by Ms. Royer in her summary judgment papers would allow the Court to award summary judgment in her favor on her claims.

      A.    <u>The Arbitrary And Capricious Standard Applies In This Case</u>.

Ms. Royer first argues that the Court should apply de novo review in this case. That argument has only indirect relevance to her summary judgment motion but, in any event, it is incorrect.

In Counts One and Two, Ms. Royer brings a claim for improper denial of benefits allegedly owed under an ERISA plan. This claim is governed by 29 U.S.C. § 1132(a)(1)(B), which permits actions by a participant or beneficiaries of an ERISA plan to bring actions to recover benefits allegedly due under the terms of the plan.

The standard for reviewing whether a plan administrator has improperly denied benefits is whether the administrator has acted arbitrarily and capriciously. <u>Recupero v. New England Tel. and Tel. Co.</u>, 118 F.3d 820, 827 (1st Cir. 1997) ("when the benefit plan gives the administrator or fiduciary discretion to determine benefit eligibility or construe plan terms, <u>Firestone Tire and Rubber, Inc. v. Bruch</u> . . . and its progeny mandate a deferential 'arbitrary and capricious' standard of judicial review"); <u>Liston v. Unum Corp. Officer Severance Plan</u>, 330 F.3d 19, 22 (1st Cir. 2003) ("Because the plan reserves discretion to the administrator, judicial review of the denial is limited to determining whether the administrator acted arbitrarily and capriciously") citing <u>Leahy v. Raytheon Co.</u>, 315 F.3d 11, 15 (1st Cir. 2002). Plaintiff bears the burden of showing such arbitrary and capricious conduct. <u>Recupero</u>, 118 F.3d at 825.

The arbitrary and capricious standard applies in this case because the Blue Cross and Blue Shield of Massachusetts, Inc. Omnibus Welfare Benefit Plan Summary Plan Description ("SPD") expressly gives the plan administrator necessary discretion.  See SPD at 19 (attached hereto):

> The insurance carrier (for all claims under insured programs) or the Employee Benefit Plans Governance Committee (for claims under all other programs governed by ERISA) has the exclusive right to interpret and administer the provisions of the program and determine any facts necessary for it to administer the plan, in its sole discretion . . .

In consequence, this Court does **not** have plenary jurisdiction to decide all questions bearing on the merits, but must rather review and defer to a decision by the plan administrator that is not arbitrary and capricious.  Recupero, 118 F.3d at 827-28, 831 ("the jurisdiction of the court as a whole . . . is limited to the function of deciding whether the out-of-court decision is to be affirmed, or is to be set aside as arbitrary or capricious, or is to be reconsidered by the committee or other entity designated to decide the merits").  Thus, "the reviewing court is not to set aside a factual finding of historical fact for which the record on which the decision was made contained adequate support"; and this "deference to a decision *on the merits* extends also to deference to an evaluative inference on which the decision depends."  Id. at 830 (emphasis in original).

Ms. Royer suggests in her Complaint – though not in her summary judgment papers – that a standard with more bite ought to apply because the plan administrator is subject to a conflict of interest.  She assumes both that Blue Cross is the plan administrator and that Blue Cross both decides and pays benefits out of its own pocket.  Ms. Royer has failed, however, to support this claim or even to show who the plan administrator is.  In fact, she is wrong on all counts.  As shown in the SPD, all benefits decisions for the relevant Blue Cross plans were made by an independent third party Claims Administrator (defendant Kemper/Broadspire); short term

benefits were paid by Blue Cross; and a third party insurer was liable to pay any long term benefits owed. The conflict of interest on which Ms. Royer relies does not exist.

Equally important, even were there a conflict, is that a different standard would not apply. "Under the law of this Circuit, 'the fact that [] the plan administrator[] will have to pay [the plaintiff's] claim[] out of its own assets does not change [the arbitrary and capricious] standard of review." Wright v. R.R. Donnelly & Sons Group Benefits Plan, 402 F.3d 67, 75 (1st Cir. 2005), quoting Glista v. Unum Life Ins. Co. of America., 378 F.3d 113, 125-26 (1st Cir. 2004) (noting that simply because a plan administrator has to pay a claim does not deprive the administrator of discretion when the terms of the plan grant discretion). Indeed,

> application of the "more bite" standard, which the First Circuit describes as "adhering to the arbitrary and capricious principle, with special emphasis on reasonableness," is appropriate only if the claimant shows that the decision was improperly motivated. Doyle v. Paul Revere Life Insurance Co., 144 F.3d 181 184 (1st Cir. 1998). The fact that a defendant decides which claims it will pay out of its own pocket is not enough to invoke the special emphasis on reasonableness. Id. The plaintiff argues that the defendant's denial of his claim and the manner in which that denial was accomplished demonstrate improper motive, specifically that the defendant was "bent on claim denial rather than relying on competent medical and vocational evidence." . . . . Assuming arguendo that the same evidence offered by a claimant to show that a plan administrator's decision was arbitrary and capricious may also be used to establish improper motive, the plaintiff has not carried his burden in this case. Any disappointed benefits claimant could argue that an administrator preferred denial of his claim to paying out benefits; something more must be shown to establish improper motive.

Tinkham v.Connecticut Gen. Life Ins. Co., 2000 U.S. Dist. LEXIS 9944, 16-17 (D. Me. 2000). Ms. Royer has no evidence of improper motive and cannot carry her burden.

B. Ms. Royer's Affidavit Cannot Be Considered On Summary Judgment In This Case.

The question before the Court is whether the plan administrator made an arbitrary and capricious determination based on the record before it at the time of its decision. Ms. Royer asserts, without citation to any specific page in the record, that "throughout the Administrative Record, Defendants, jointly and severally, have improperly characterized her position as

7

sedentary" and that she offered to be examined by another doctor.[3]  Motion, at 3.  She argues that the plan administrator only "went through the motions."  Plaintiff's Memorandum at 3.  She points to nothing in the Administrative Record that would support these claims.  She attempts to rely on an Affidavit filed with her Motion, but cannot properly do so because that document is not part of the Administrative Record and was not before the plan administrator at the time benefits were denied.

This fact puts into relief the untimeliness of Ms. Royer's Motion.  As suggested above, summary judgment in this case should be decided by cross-motions decided on the basis of the

---

[3] As to the claim that Ms. Royer offered to be examined by an additional doctor, defendants note that

> [t]he operative inquiry under arbitrary, capricious or abuse of discretion review is "whether the aggregate evidence, viewed in the light most favorable to the non-moving party, could support a rational determination that the plan administrator acted arbitrarily in denying the claim for benefits." . . . Evidence contrary to an administrator's decision does not make the decision unreasonable, provided substantial evidence supports the decision.

Wright v. R.R. Donnelly & Sons Group Benefits Plan, 402 F.3d 67, 74 (1st Cir. 2005).  Further,

> [w]here medical opinions differ, the administrator is not required to defer to those of a claimant's treating physicians.  See Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834, 155 L. Ed. 2d 1034, 123 S. Ct. 1965 (2003) ("Plan administrators . . . may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician. But, we hold, courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation.").  A decision denying benefits may be based on the reasoned opinion of a non-examining, reviewing physician. Matias-Correa v. Pfizer, Inc., 345 F.3d 7, 12 (1st Cir. 2003); Gannon v. Metropolitan Life Ins. Co., 360 F.3d 211, 216 (1st Cir. 2004). Cf. Nord, 538 U.S. at 832 ("If a consultant engaged by a plan may have an incentive' to make a finding of not disabled,' so a treating physician, in a close case, may favor a finding of disabled."

Martin v. Polaroid Corp. Long Term Disability Plan, 2005 U.S. Dist. Lexis 22884 (D. Mass. Oct. 7, 2005) (upholding denial of benefits where the medical record did not corroborate plaintiff's subjective complaints).

8

Administrative Record.  Ms. Royer cannot properly create a disputed issue of fact by filing a new Affidavit at this point; if she could, that disputed issue of fact would serve only to defeat her motion for summary judgment.

## Conclusion

For the foregoing reasons, the Court should deny Ms. Royer's motion for summary judgment.

>
> BLUE CROSS BLUE SHIELD OF
> MASSACHUSETTS, INC. and BLUE CROSS
> BLUE SHIELD OF MASSACHUSETTS, INC.
> OMNIBUS WELFARE BENEFIT PLAN
> By their attorneys,
>
>
> /s/  Joseph Halpern
> Joseph D. Halpern, BBO #544789
> Blue Cross and Blue Shield of
> Massachusetts, Inc.
> Landmark Center, 401 Park Drive
> Boston, MA  02115
> (617-246-3500)
> joseph.halpern@bcbsma.com
>
> BLUE CROSS BLUE SHIELD LONG-TERM
> DISABILITY BENEFIT PLAN
> By its attorneys,
>
>
> /s/  Edward S. Rooney, Jr.
> Edward S. Rooney, Jr., BBO No. 426840
> ECKERT SEAMANS CHERIN
> & MELLOTT, LLC
> One International Place, 18th Floor
> Boston, MA  02110
> (617) 342-6800
>
>
>
> David F. Schmidt
> CHITTENDEN, MURDAY & NOVOTNY LLC

        303 West Madison Street, Suite 1400
        Chicago, IL  60606
        312-281-3600

# A Guide to Your Benefits



BlueCross BlueShield *of Massachusetts*



An Independent Licensee of the Blue Cross and Blue Shield Association



# Contents

| | Page |
|---|---|
| **Administrative Information** | 2 |
| Introduction | 2 |
| Legal Information | 3 |
|     Plan Sponsor and Participating Employers | 3 |
|     Plan Administrator | 3 |
|     Plan Committee | 4 |
|     Employer Identification Number | 4 |
|     Plan Trustees | 4 |
|     Agent for Service of Legal Process | 5 |
|     Other Plan Information | 5 |
|     Detailed Benefit Program Information | 6 |
| Statement of ERISA Rights | 10 |
| Situations Affecting Benefits | 13 |
| If Your Claim Is Denied | 14 |
| COBRA Coverage Continuation | 17 |
|     Health Coverage Continuation | 17 |
|     Applying for Continued Coverage | 18 |
|     Cost of Continued Coverage | 18 |
|     Benefits Under Continued Coverage | 19 |
|     When Continued Coverage Ends | 19 |
|     Conversion Privileges | 19 |
| Right of Recovery | 20 |
| Plan Amendment or Termination | 21 |

## Plan Committee

The Employee Benefits Plan Governance Committee (the "Committee") has responsibility for the administration of the programs described in this book. Communications to the Committee should be sent to:

> Blue Cross and Blue Shield of Massachusetts, Inc.
> Benefits Department
> 401 Park Drive
> Landmark Center
> Boston, Massachusetts 02215

**The Committee has the exclusive right to interpret and administer the provisions of the benefit programs, in its sole discretion, and to determine any facts necessary to administer the programs. The Committee is further vested with all the discretionary powers and authority necessary in order to carry out its duties and responsibilities in connection with the administration of the benefit programs. Its decisions are conclusive and binding on all parties. However, in the case of those programs for which benefits are paid directly by an insurance company, the insurer (or the applicable claims department, for plans insured by Blue Cross and Blue Shield of Massachusetts), in its sole discretion, is responsible for determining the participant's rights to benefits under the relevant contracts.**

## Employer Identification Number

Blue Cross and Blue Shield of Massachusetts, Inc. is assigned an Employer Identification Number (EIN) that is used for certain plan filings with the Internal Revenue Service (IRS) or Department of Labor. The EIN for Blue Cross and Blue Shield of Massachusetts, Inc. is 04-1045815.

## Plan Trustees

Assets maintained under the Employee Savings Plan and the Retirement Income Trust (Employee Pension Plan) are held in trusts for the exclusive benefit of Plan participants. The Trustees for the Plans are:

| Plan | Trustee |
|---|---|
| **Employee Savings Plan** | Fidelity Management Trust Company<br>82 Devonshire Street<br>Boston, Massachusetts 02109 |
| **Retirement Income Trust (Employee Pension Plan)** | Boston Safe Deposit and Trust Company<br>135 Santilli Highway<br>Everett, MA 02149 |

The claim review period may be extended to a total of 120 days (90 days for short-term disability or long-term disability claims) if special circumstances warrant an extension of time. If an extension of time for review is required because of special circumstances, written notice of the extension will be furnished to you before the extension begins, including a description of the special circumstances and an estimated date for the claims decision.

There are certain time limitations on when you can commence legal proceeding or make claims for benefits under the Employee Savings Plan and the Retirement Income Trust. You must commence any legal proceeding regarding your entitlement to benefits under these programs within the earlier of: (a) two years of the receipt or commencement of a distribution, written statement regarding your benefits in connection with a distribution event, or notification regarding your rights under the program, or (b) one year from the date of decision regarding your benefit claims appeal. Also, if your request for payment is approved, in whole or in part, you must file a claim for benefits to correct any error with the Employee Benefits Plan Governance Committee within 120 days after you receive (or begin receiving) a distribution. In addition, if you receive a written statement regarding your benefits in connection with a distributable event, or are notified in writing before filing a claim that you are not eligible for benefits, you must file a claim for benefits to correct any error with the Employee Benefits Plan Governance Committee within 120 days.

Time limitations for making claims under the various welfare benefit arrangements are governed by the terms of the contracts and documents governing such arrangements. For details, refer to the applicable sections of this book, your enrollment materials, or insurance certificates.

The materials containing each welfare plan's claims procedure are provided automatically, free of charge. If you or any other person believes you are being denied any rights or benefits under the plan, you must fully exhaust your administrative remedies under the plan. Failure to follow the plan's claims procedures in a timely manner could prohibit you from challenging any claim or appeal denial in court. Alternate claims procedures apply to group health plans. For more information, see the Medical and Dental sections of this book, or contact the Benefits Department.

**The insurance carrier (for all claims under insured programs) or the Employee Benefits Plan Governance Committee (for claims under all other programs governed by ERISA) has the exclusive right to interpret and administer the provisions of the program and to determine any facts necessary for it to administer the programs, in its sole discretion, and its decision regarding any appeal is conclusive and binding on all parties.**