IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOANNE M. ROYER,<br>Plaintiff<br><br>V.<br><br>BLUE CROSS BLUE SHIELD<br>    OF MASSACHUSETTS, INC.,<br>BLUE CROSS BLUE SHIELD<br>LONG-TERM DISABILITY BENEFIT<br>PLAN, a/k/a OMNIBUS WELFARE<br>BENEFITS PLAN<br>KEMPER NATIONAL SERVICES, INC.,<br>BROADSPIRE SERVICES, INC., and<br>SHELDON MYERSON, MD.,<br>    Defendants | CIVIL ACTION NO:<br>NO: 05-CV-10448-GAO |

**PLAINTIFF'S OBJECTION TO THE COURT'S ALLOWANCE OF THE DEFENDANTS, KEMPER NATIONAL SERVICES, INC. ("KNS"), BROADSPIRE SERVICES, INC. ("BROADSPIRE") AND SHELDON MEYERSON, M.D. ("DR. MEYERSON")'S MOTIONS TO DISMISS COUNT III OF THE PLAINTIFF'S SECOND AMENDED COMPLAINT AS TO EACH OF THEM.**

Now comes the Plaintiff in the above matter and does hereby object to the dismissal of Count III as to the Defendants, "KNS," "Broadspire," and "Dr. Meyerson,"on the basis that these Defendants have alleged that only the Plan Administrator of the ERISA Plan is responsible for providing ERISA Plan documents under and pursuant to §502 ( c ) of ERISA, 29 U.S.C. §1132 (c) .

However, it should be clear that the entity the employee claimant is required to deal with is understood to be the party involved in the internal process of denial, and the exhaustion of all internal appeals and in this instance it was unclear as to whether "Broadspire." a successor to "KNS," was primarily responsible and at which time during the transition and/or "KNS," and/or its successor, "Broadspire," acting as a direct and responsible agent for the employer, Blue Cross Blue Shield of Massachusetts, Inc. and/or the Blue Cross Blue Shield Long Term Disability Benefit Plan a/k/a Omnibus Welfare Benefits Plan.

-2-

The original form of the long term disability plan and short term disability plan issued to the Plaintiff when she first commenced employment with Blue Cross Blue Shield of Massachusetts, Inc. on September 23, 1985, some 18 years prior to the initial onset of her total disability, appears to have been amended on several occasions.

Her claims for short term disability benefits have long since been amended and to the claimant-employee, very little has remained the same, including the names of the parties deciding the issue of entitlement, to ensuring the party responsible for the actual adjudication of entitlement to benefits, as well as the party responsible for the actual payment of benefits, whether it be by an underwriter, (former or present) or by the employer and/or by some combination of both, as to both short term disability benefits and to long term disability benefits.

As indicated above, there have been several amendments to the ERISA Plan involved, especially for an employee of 18 years, who shortly before being terminated for failure to return to her position, was suffering severe medical problems, which she and her treating health care professionals confirmed totally disabled her from returning to work-- when the Defendant employer, Blue Cross Blue Shield of Massachusetts, Inc, demanded she do so or be fired. The Plaintiff was fired.

Therefore, please timely note the Plaintiff's formal objection to the court's dismissal of Count III, as to the Defendants, Kemper, Broadspire and Dr. Meyerson.

Dated: February 17, 2006

The Plaintiff JoAnne M. Royer
By Her Attorney:
s/ 
BERNARD A. KANSKY, ESQ.
MA BBO # 258040/FED #28209
KANSKY & ASSOCIATES
ATTORNEYS AT LAW
468 COMMERCIAL ST #100
BOSTON, MA 02109-1020
(617) 227-2020/FAX (617) 227-5717
BERAKAN@AOL.COM