IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOANNE M. ROYER,<br>Plaintiff<br><br>V.<br><br>BLUE CROSS BLUE SHIELD<br>    OF MASSACHUSETTS, INC.,<br>BLUE CROSS BLUE SHIELD<br>LONG-TERM DISABILITY BENEFIT<br>PLAN, a/k/a OMNIBUS WELFARE<br>BENEFITS PLAN<br>KEMPER NATIONAL SERVICES, INC.,<br>BROADSPIRE SERVICES, INC., and<br>SHELDON MYERSON, MD.,<br>    Defendants | **CIVIL ACTION NO:**<br>**NO: 05-CV-10448-GAO** |

### PLAINTIFF'S REPLY TO THE OPPOSITION FILED BY THE DEFENDANTS TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Now comes the Plaintiff in the above matter and as and for her Reply to the Opposition of the Defendants says as follows:

1. Whenever there is a conflict of interest, as has been indicated, the arbitrary and capricious standard is usually subject to a sliding scale so that the decision by the court is not and should not be based upon the court being forced to act as a de facto administrator for the ERISA Welfare Plan but instead should have the ability to ensure that under the guidelines, the employee has some reasonable measure of protection, if not by the ERISA statutes as intended, then at least by the court's interpretation of the ERISA statute and its appurtenant rules and regulations.

2. The courts appear to have been overwhelmed by the massive albeit almost automatic rejection of ERISA benefits to employees by the likes of UNUMProvident a/k/a UNUM, Prudential, Aetna, MetLife and others. These advisors and administrators have made the shield intended to protect the elderly and disabled employees into a sword with which to deny, almost automatically,

-2-

most disabled employees and they do so in a way which defies the genuine standards of justice.

3. It defies logic when our Social Security Administration determines an employee to be totally disabled and those who stand to profit most by denying or prematurely terminating disability benefits of a disabled employee, are nevertheless allowed to operate at a different standard so as to be outrageously profitable at the expense of the people who most need the ERISA disability benefits to continue health and medical insurance and to avoid home foreclosures.

4. It is even more of an enigma, when these advisors and administrators are permitted to create, maintain and proffer to our courts an Administrative Record as if these advisors and administrators were part of an intermediary impartial tribunal and it should be clear to anyone involved in these types of proceedings that they are nothing but profiteers receiving payment to avoid payment to the totally disabled.

5. Even when required to ultimately pay benefits or restore benefits wrongfully terminated, it is only a matter of months before these advisors and/or administrators pursue the disabled employee again, subjecting them again to the blizzard of medical reports, medical visits, and more, in the quest to again deny and terminate those recently hard fought and hard won benefits of the disabled.

6. The conduct of these advisors or administrators are so egregious that recently they have been able to avoid and now often shun using independent medical examiners to interview, test and examine the patient. Now with their increasing rate of success in the courts, they enjoy the benefit of being able to engage an on-staff, in-house physician, to just review the medical reports and notes of the treating health care professionals and if after reading those short hand written notes and/or summaries by the treating health care professionals (often illegible) they can and seek some basis, any basis to

-3-

advise their superiors of a likely ability to do some light part-time sedentary work with accommodations. Then the courts in adopting an arbitrary and capricious standard for a review of the Administrative Record which is carefully created, maintained and controlled by these advisors or administrators and in which many symbols, short hand and in-house terms, are not usually used or known by the public, the claimants, the claimant attorneys nor the judiciary, makes it all that much easier to succeed in their denial of disability benefits.

7. The Opposition filed by the Defendants to the Plaintiff's Motion For Summary Judgment, is another example of how these advisors and administrators create inapposite and conflicting arguments and frequently with substantial success. On the one hand, they argue that the Plaintiff's Motion For Summary Judgment does not satisfy Local Rules 56.1 and 7.1. They argue that the Plaintiff's Motion For Summary Judgment does not set forth a separate preliminary statement of facts as required for Motions For Summary Judgment. Then and to the contrary, they argue that all of the facts are set forth in the Administrative Record, upon which this court is supposed rely and to be limited in its review by its already limited excessively restricted review powers.

8. The Defendants also allege that the Plaintiff's Motion For Summary Judgment is untimely in that it was filed too early. That was the result of a misunderstanding which as by now the court is well aware. It should also be noted that in this age of high-computer technology, electronic court filings, cell phones, and information satellite link-ups, none of the Defendant counsel on January 19, 2006, ever suggested a simple telephone call, which is often done between and among professionals, which undersigned has done, when the situation was reversed , especially if it involved counsel who has customarily appeared 15-30 minutes early before any prior hearings before this court.

9. Based upon the forgoing arguments as well as several others set forth in the Defendants' Opposition, it would appear to be unanimous "consent," for this court to allow the Plaintiff to amend and/or supplement her Motion For Summary Judgment and her affidavit and memorandum appurtenant thereto, in accordance with her separate motion to do so, filed herewith and to file or refile same by shortly on or before the due date of April 3, 2006..

### CERTIFICATION UNDER LOCAL RULE 7.1(a)(2)

Counsel for the Plaintiff conferred with Defendant counsel on concerning the issues presented by this motion and have attempted without success to resolve or narrow the issues.

WHEREFORE, under all of the given circumstances, and most importantly, to restore these proceedings to a more orderly chronology, the Plaintiffs Motions For Reconsideration and for Leave to File an Amended/Supplementary Motion For Summary Judgment, and Affidavit and Memorandum appurtenant thereto should be allowed.

### REQUEST FOR ORAL ARGUMENT

Counsel for the Plaintiff believes that oral argument may assist the court and wishes to be heard and therefore doe hereby request oral argument.

Dated: February 17, 2006

The Plaintiff JoAnne M. Royer By her Attorney:

s/
BERNARD A. KANSKY, ESQ.
MA BBO # 258040/ FED #28209
KANSKY & ASSOCIATES
468 COMMERCIAL ST #100
BOSTON, MA 02109-1020
(617) 227-2020/FAX (617) 227-5717
BERAKAN@AOL.COM